Francis A. **MUNGIOVI**, Plaintiff,

v.

**CHICAGO HOUSING AUTHORITY, Essie Smith, and William Bradley, Defendants.**

No. 94 C 6663.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 2, 1995.

Francis A. Mungiovi, Chicago, IL, pro se.

Delcine M. Thompson, Chicago Housing Authority, Chicago, IL, for Chicago Housing Authority, Essie Smith, William Bradley.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Francis Mungiovi, acting pro se, brings this eight-count complaint against the Chicago Housing Authority ("CHA"), and two of its employees, Essie Smith and William Bradley. He alleges that defendants have violated his right as a public housing tenant to serve as president of his building, as well as several of his rights protected under state law. Presently before us is defendants' motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, defendants' motion is denied and the parties are directed to file supplemental memoranda on whether plaintiff has failed to state a claim.

### I. Background

Since 1991 Mungiovi has been a resident of the Shields Apartments in Chicago, which are public housing units operated by the CHA for elderly and disabled tenants. According to his complaint, Mungiovi was elected "Building President of Shields Apartments" by the tenants of his building in January 1993. However, he claims that the two individual defendants, building manager Essie Smith and building janitor William Bradley, refused to allow him to perform his duties as president. For example, plaintiff claims that Smith refused to listen to tenant grievances, prohibited him from posting announcements in the building, withheld funds

intended for tenant use, and obstructed access to common areas. He also alleges that in December, 1994, Smith and Bradley tore down announcements he had posted concerning a tenant grievance session, and actively discouraged tenants from attending the meeting. Mungiovi claims that the CHA failed to take action to remedy these alleged abuses, even after he repeatedly notified them of the situation. He contends that the actions of the individual defendants, and the inaction of the CHA, violate certain regulations promulgated by the Department of Housing and Urban Development ("HUD"), and are therefore actionable under 42 U.S.C. § 1983.

In addition to his federal claim, Mungiovi has asserted several state law claims against the defendants. These include claims against Bradley for assault and battery, against Smith for malicious prosecution, against both Bradley and Smith for slander, against the CHA for breach of the covenant of quiet enjoyment, and against all three defendants for harassment.[1]

## II. Discussion

Defendants have moved to dismiss plaintiff's Section 1983 claim and the pendant state law claims for lack of subject matter jurisdiction. Smith and Bradley argue that this court lacks jurisdiction over the federal claim because they are shielded from suit by virtue of their qualified immunity. Defendant CHA argues that we have no jurisdiction because municipal corporations may only be held liable under Section 1983 for unconstitutional actions taken pursuant to an official policy or custom. All the defendants also argue that the absence of a substantial federal claim precludes us from entertaining plaintiff's pendant state law claims.

 For reasons not entirely clear, defendants have couched their arguments against plaintiff's federal claim in terms of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), rather than in terms of a Rule 12(b)(6) motion to dismiss for failure to state a claim. Motions brought under Rule 12(b)(1) are used to contend that the court "has no authority or competence to hear and decide the case." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1350, at 194 (1990). By contrast, Rule 12(b)(6) motions speak to the sufficiency of the claim, and will only be granted if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Chaney v. Suburban Bus Div. of the Regional Transp. Auth.,* 52 F.3d 623, 627 (7th Cir.1995). To be sure, differentiating between these two motions becomes problematic when the elements needed to establish jurisdiction are the same as those necessary to prevail on the merits. However, as the United States Supreme Court stated in *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946):

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not a dismissal for want of jurisdiction.

Only where the alleged federal claim is immaterial and brought solely to fabricate federal jurisdiction, or is "wholly insubstantial and frivolous," may an attack on the merits of a claim be treated as one seeking dismissal for lack of jurisdiction. *Id.* at 682–83, 66 S.Ct. at 776–77.[2] Instead, if the issue of jurisdiction is intertwined with the merits of the case, then "the district court should take jurisdiction and handle defendants' motion as

---

1. The harassment claim against the CHA relates in part to an auto accident involving Mungiovi and a CHA employee who is not named as a defendant in this action.

2. Defendants obliquely suggest that Mungiovi's claim falls into one of these exceptions, and that it is simply being used as a vehicle to present his state claims in this forum. Given the history of litigation between the parties in state court (the background of which is included in Mungiovi's

federal complaint), this motive is not entirely implausible. However, as we shall soon see, plaintiff has pointed to specific federal housing regulations which he contends were violated by the defendants' actions, and he claims that these actions caused him damage. Notwithstanding his previous litigations, we cannot find that such an allegation is either too immaterial or frivolous to support federal court jurisdiction.

a direct attack on the merits of plaintiff's case." *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 279–80 (7th Cir.1986); *Health Cost Controls v. Skinner,* 44 F.3d 535, 537 (7th Cir.1995); 2A James W. Moore, *Moore's Federal Practice* ¶ 12.07[2.–1], at 12–60 (2d ed. 1994) ("the preferable practice is to assume that jurisdiction exists and proceed to determine the merits of the claim pursuant to subdivision (b)(6) or Rule 56."). While defendants' arguments with regard to the pendant state claims are clearly jurisdictional, their attack on Mungiovi's federal claim goes to its merits. Thus, we will analyze plaintiff's complaint under Rule 12(b)(6) and provide him with the accompanying protections. *See McMath v. City of Gary, Ind.,* 976 F.2d 1026, 1031 (7th Cir.1992) (allegations in plaintiff's complaint are assumed true, and viewed in a light most favorable to him, when examining qualified immunity defense under Rule 12(b)(6)).

■ Defendant CHA argues that the complaint should be dismissed because plaintiff has not stated a claim of municipal liability under Section 1983. However, plaintiff alleges in his response to the motion to dismiss that "CHA's policies and procedures have thus failed to protect my federal rights to serve as Building President, failed to meet its federal responsibility to provide adequate tenant representation, and failed to assure majority rule to the tenants of Shields Apartments." Plaintiff's Response at 3–4. Because such an allegation of municipal liability is sufficient under *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993), we cannot dismiss this claim on the grounds put forward by the CHA.

■ As to the individual defendants, they have submitted affidavits stating that they did not know Mungiovi was the "Building President," and that they did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). However, because we may only consider the facts alleged in Mungiovi's complaint and his responsive papers, defendants cannot rely on these affidavits to support their motion. *See McMath,* 976 F.2d at 1031. Plaintiff alleges that the individual defendants knew he was the building president, and that they actively prevented him from participating in the operation of the housing unit. Such conduct, if true, should not be entitled to qualified immunity if plaintiff actually possessed the right to be building president. As discussed more fully below, we entertain serious doubts as to whether plaintiff possessed such a right. However, defendants have not squarely raised this argument in their motion, and plaintiff has only implicitly addressed it. Consequently, we decline to dismiss the complaint on the grounds of qualified immunity.

Still, we are not entirely convinced that plaintiff's complaint is free from defects. Indeed, we are disappointed that neither side has directly addressed the issue which appears to us to be of paramount importance: whether plaintiff has actually alleged that defendants violated a federal right that is enforceable under Section 1983.[3] Mungiovi asserts that the defendants have an obligation under 24 C.F.R. § 964 "to ensure effective tenant participation in creating a positive living environment." Plaintiff's Response at 3.[4] In particular, Mungiovi points to § 964.135, which provides in part:

(c) While a [housing authority] has responsibility for management operations, it shall

---

**3.** Section 1983 states, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

**4.** We note that the regulations cited by plaintiff were only promulgated in 1994. Because Mungiovi does not spell out exactly when the alleged misconduct occurred, it is unclear whether these regulations would even apply in this case. This is an issue that the parties should briefly address in their supplemental memoranda.

ensure strong resident participation in all issues and facets of its operations through the duly elected resident councils at public housing developments. . . .

(d) A [housing authority] shall work in partnership with the duly elected resident councils. . . .

24 C.F.R. § 964.135.[5] Plaintiff then asserts that he is the "duly elected resident council" of the Shields Apartments, and that defendants have denied him the ability to participate in the management of the facility.

 We have several problems with this claim as it is currently stated. First, it does not appear that Mungiovi himself can be a "resident council," since such an organization is required by HUD regulations to contain a board of at least five elected members. 24 C.F.R. § 964.115(c). Second, even if plaintiff can be considered a "resident council," or was somehow authorized to bring suit on behalf of the real resident council, it is not clear that violations of 24 C.F.R. § 964.135 are cognizable under Section 1983. To be sure, the violation of a statute or regulation may provide the basis for a Section 1983 claim. *See Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980); *Clifton v. Schafer*, 969 F.2d 278, 283 (7th Cir.1992). However, Section 1983 "speaks in terms of 'rights, privileges, or immunities,' not violations of federal law." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106, 110 S.Ct. 444, 448, 107 L.Ed.2d 420 (1989). A right created by statute or regulation is enforceable under Section 1983 only if (1) it was intended to benefit the plaintiff, (2) it creates a binding obligation on the government, as opposed to merely expressing a preference for certain types of conduct, and (3) the right is not so vague and amorphous as to render its enforcement beyond judicial competency. *Miller by Miller*

*v. Whitburn*, 10 F.3d 1315, 1319 (7th Cir. 1993) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 509, 110 S.Ct. 2510, 2517, 110 L.Ed.2d 455 (1990)). While the first two conditions appear to be met in this case, we are skeptical of whether the obligation to "ensure strong resident participation" is judicially enforceable. *Cf. Suter v. Artist M.*, 503 U.S. 347, 363, 112 S.Ct. 1360, 1370, 118 L.Ed.2d 1 (1992) (requirement that foster care administrators make "reasonable efforts" to ensure that children are kept in their home held not to confer a right cognizable under § 1983). However, in an overabundance of caution and a recognition of plaintiff's pro se status, we decline to resolve these issues without giving the parties another opportunity to be heard. Accordingly, defendants are to file a supplemental memorandum addressing these concerns by August 11, 1995, and plaintiff is ordered to file a response by August 28, 1995. The parties are admonished not to simply reiterate the arguments raised in the instant motion, but rather, to discuss the problems we have identified in this opinion. After we receive these memoranda we will decide whether plaintiff has successfully stated a claim under Section 1983.[6]

### III. Conclusion

For the reasons set forth above, defendants' motion is denied. The parties are directed to file supplemental memoranda by the dates listed above. The status hearing set for August 15, 1995 is stricken and reset to September 22, 1995 at 10:00 a.m. It is so ordered.

---

**5.** Plaintiff also cites 24 C.F.R. § 964.150, which requires housing authorities to provide funding to the "duly elected resident council" of each housing development.

**6.** Defendants have also moved to strike several of plaintiff's submissions, and plaintiff has responded with a "Motion for an Appearance." Because the submissions at issue are not pleadings permitted by Federal Rule of Civil Procedure 7(a), defendants' motion is granted. If defendant

wishes to amend his complaint to include additional allegations, he may seek leave to do so under Federal Rule of Civil Procedure 15(a).

In his "Motion for an Appearance" plaintiff requests that we set an immediate trial date. Given the posture of the case and the need to resolve the issues we have highlighted in this opinion, such a move would be imprudent. Accordingly, plaintiff's motion is denied.